**Mei Mei LIN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 01–4151.**

United States Court of Appeals, Second Circuit.

April 20, 2004.

---

Joshua Bardavid (Theodore N. Cox, on the brief), New York, NY, for Petitioner.

* The Honorable Laura Taylor Swain, United States District Court for the Southern District of New York, sitting by designation.

Andrew McNeela, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, on the brief; Beth E. Goldman, Kathy S. Marks, Assistant United States Attorneys), New York, NY, for Respondent, of counsel.

Present: KEARSE, SOTOMAYOR, Circuit Judges, and SWAIN,* District Judge.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 20th day of April, two thousand and four.

UPON DUE CONSIDERATION of this petition for review of the order of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mei Mei Lin ("Lin") petitions for review of an August 2, 2001 order of the BIA, dismissing her appeal of an Immigration Judge's ("IJ") denial of her application for asylum and withholding of deportation.

Lin and her husband, Xiang Fu Hu ("Hu"), both citizens of the People's Republic of China ("China"), entered the United States from Amsterdam on December 3, 1991. Soon thereafter, she applied for asylum,[1] asserting that she had left China—allegedly leaving behind two daughters—to escape persecution under

1. Lin submitted two asylum applications— one in December 1991, and a second in June 1996.

that country's family planning policy. In August 1997, following Lin's testimony at her asylum hearing, an IJ determined that Lin was not credible and denied her asylum application.[2] On appeal, the BIA deferred to the IJ's credibility determination and denied Lin's claim.

■ In her petition for review before this court, Lin first argues that the IJ's adverse credibility determination was not based on substantial evidence. Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision directly, *see Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003), and in so doing, defer to the IJ's findings of fact if they are supported by substantial evidence, *see Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). Because we afford "particular deference" to the IJ's credibility determinations, *see Montero v. INS*, 124 F.3d 381, 386 (2d Cir.1997), the scope of our review is "exceedingly narrow," *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir.1999) (internal quotation marks omitted). We will not disturb the IJ's factual findings unless "any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). Applying this standard to the IJ's adverse credibility determination in this case, we find that the record amply supports the IJ's conclusion.

First, Lin testified at her asylum hearing that she had two abortions while in China. These abortions, however, were never mentioned in her two asylum applications. Second, in her asylum applications, Lin claimed that following the birth of her second daughter, Chinese officials pressured her and her husband to undergo sterilization procedures. When they did not agree, she asserts, "[t]he government ... came to [her] house to take away all [her] furniture and harassed [Lin and her husband] until [they] agreed to do the surgery." This statement, however, is inconsistent with Lin's hearing testimony in which she stated that government officials had never pressured her or her husband to undergo forced sterilization "because as far as they know, I only have one kid." She further testified that she had had no contact with Chinese family planning officials because she "tried to avoid ... them." Finally, although she made no mention of it in her asylum applications, Lin testified that upon the request of her supervisor, she had used a contraceptive intrauterine device ("IUD") while in China. When asked if she had wanted the IUD implanted, Lin responded affirmatively.[3] Based on these inconsistencies and omissions, the IJ reasonably concluded that Lin was not a credible applicant.

■ Lin also argues that her Fifth Amendment due process rights were compromised by "possible errors in translation" at her hearing and her inability to review audiotapes of her hearing testimony for translation errors. Lin, however, does not identify any possible errors in the

---

2. Lin argues that the IJ failed to make an adverse credibility determination. We disagree. On the record, the IJ clearly voiced concerns about inconsistencies between Lin's hearing testimony and asylum application, and explicitly stated that he found Lin "incredible."

3. Lin argues that if the "IJ believed that [she] was in fact stating that she had the IUD inserted volitionally, [the IJ] erred in not attempting to clarify this statement." We do not address this contention because Lin did not present this argument to the BIA, and thus has failed to exhaust administrative remedies. *See* 8 U.S.C. § 1105a(c) (1994) (repealed 1996); 8 U.S.C. § 1252(d) (2000).

translation of her testimony. *See Kotasz v. INS*, 31 F.3d 847, 850 n. 2 (9th Cir.1994) (rejecting challenge to translation where petitioner did not "specif[y] which, if any, words would have been translated differently, given a more competent interpreter"). Lin contends that she did not identify possible translation errors because the government did not respond to her request to obtain audiotapes of the hearing for review. The record demonstrates, however, that Lin did not request the audiotapes from the Executive Office for Immigration Review until after the BIA's decision had been rendered. The record further shows that Lin's request was processed and that copies of the tapes were made. Even assuming *arguendo* that there were translation errors and Lin was denied the opportunity to review the audiotapes, Lin's due process rights are not implicated because she has not shown that any alleged translation errors prejudiced the outcome of her hearing. *See Hartooni v. INS*, 21 F.3d 336, 340 (9th Cir.1994); *Kotasz*, 31 F.3d at 850 n. 2. As we have noted, the IJ's credibility determination was based on substantial evidence, irrespective of the alleged translation errors. Accordingly, we find no compelling reason to disturb the challenged order.

For the foregoing reasons, the petition for review is DENIED.